IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01122-PAB

RAYMOND L. FISCUS, also known as
Ray Fiscus,

    Plaintiff,

v.

LIBERTY MORTGAGE CORPORATION, a Georgia corporation,
BB&T CORPORATION, a North Carolina corporation, and
BRANCH BANKING AND TRUST COMPANY, a North Carolina corporation

    Defendants.

## ORDER OF REMAND

This matter comes before the Court *sua sponte* on defendants' Notice of Removal [Docket No. 1]. Defendants claim that the Court has jurisdiction over the case based on diversity of citizenship pursuant 28 U.S.C. § 1332(a). *See* Docket No. 1 at 2, ¶ 7. The Court finds that the notice of removal is deficient regarding the amount in controversy and, therefore, will remand.

In every case and at every stage of a proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). Relevant to the present case, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. 1332(a) (2006).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand.  *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

"Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice."  *Laughlin*, 50 F.3d at 873.  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Martin*, 251 F.3d at 1290 (quoting *Laughlin*, 50 F.3d at 873).  When

the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by at least a preponderance of the evidence. *Martin*, 251 F.3d at 1290.

Plaintiff's Petition for Show Cause Hearing (the "Petition") [Docket No. 1-1], which was filed pursuant to Colo. Rev. Stat. § 38-35-204(1), initiated the present action in state court. The Petition requests that the court hold a show cause hearing to determine whether a lien on plaintiff's property should be declared invalid because it is a "spurious document." *See* Docket No. 1-1 at 3-4; *see also* Colo. Rev. Stat. § 38-35-204(1).[1] The deed of trust attached to the Petition indicates that the debt secured by the lien in this case was originally $220,000. *See* Docket No. 1-1 at 13. The Petition, however, does not contain any allegations upon which the Court could determine what

---

[1]Section 38-35-204(1) provides as follows:

Any person whose real or personal property is affected by a recorded or filed lien or document that the person believes is a spurious lien or spurious document may petition the district court in the county or city and county in which the lien or document was recorded or filed or the federal district court in Colorado for an order to show cause why the lien or document should not be declared invalid. The petition shall set forth a concise statement of the facts upon which the petition is based and shall be supported by an affidavit of the petitioner or the petitioner's attorney. The order to show cause may be granted ex parte and shall:
    (a) Direct any lien claimant and any person who recorded or filed the lien or document to appear as respondent before the court at a time and place certain not less than ten days nor more than twenty days after service of the order to show cause why the lien or document should not be declared invalid and why such other relief provided for by this section should not be granted;
    (b) State that, if the respondent fails to appear at the time and place specified, the spurious lien or spurious document will be declared invalid and released; and
    (c) State that the court shall award costs, including reasonable attorney fees, to the prevailing party.

Colo. Rev. Stat. § 38-35-204(1).

amount the lien now purports to secure.[2]  In the face of this uncertainty, defendants do not supply a calculation of the damages in an attempt to "affirmatively establish[]" the amount in controversy.  *Laughlin*, 50 F.3d at 873.[3]  Rather, they simply assert, without citation to $220,000 or any other amount, that the amount in controversy exceeds $75,000.00.  *See Beaver Mountain Ranch West, LLC v. Graves*, No. 07-cv-02497-WYD-BNB, 2008 WL 686782, at *2 (D. Colo. March 10, 2008) (remanding a § 38-35-204(1) case because the only relief sought in the state court complaint was an order to show cause and hearing and defendants offered only a bare assertion that the amount in controversy exceeded $75,000.00).[4]

Therefore, this matter must be remanded to state court.  *See Holladay v. Kone,*

---

[2] The Petition alleges that plaintiff's common law wife forged documents resulting in the execution of the deed of trust and the issuance of the underlying loan.  There is no indication in the record regarding who ultimately received the loan proceeds or to what extent the loan has been repaid.

[3] Because defendants seek to remove an action originally filed in state court, they must "affirmatively establish" the amount in controversy by a preponderance of the evidence, a burden that is different than that applied to a case originally filed in this Court.  *Cf. Horseback, Inc. v. Tabet*, 203 F.3d 835 (table op.), 2000 WL 64314, at *5 n.6 (10th Cir. 2000) (rejecting defendant's argument that there was no federal jurisdiction over a § 35-38-204(1) matter relating to a $3,000,000 debt in a case originally filed in federal court because it did not "'appear to a legal certainty' that the amount in controversy is less than the jurisdictional amount") (citation and alteration omitted).

[4] Defendants also alleges that "[a]n additional basis for removal is pursuant to 28 U.S.C. § 1331, federal question jurisdiction, in that these Defendants, whose answer is not yet due, may plead by way of affirmative defense or counterclaim that the applicable state statute in issue in the case, C[olo]. R[ev]. S[tat]. § 38-35-201, et seq., violates the United States Constitution."  Docket No. 1 at 2, ¶ 3.  Defendants have yet to assert any federal defense.  Moreover, they do not identify the nature of the potential defense or explain how it would provide a basis for the exercise of federal jurisdiction.  *See Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009) ("[F]ederal jurisdiction [cannot] rest upon an actual or anticipated counterclaim.").

*Inc.*, 606 F. Supp.2d 1296, 1298 (D. Colo. 2009) ("'[T]here is a presumption against removal jurisdiction,' so that all doubts are resolved in favor of remand.") (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)).

For the foregoing reasons, it is

**ORDERED** that, due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the District Court for Mesa County, Colorado, where it was originally filed as Case No. 12CV4196, Division 5.

DATED April 30, 2012.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge